OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN



GROVER SELLERS
ATTORNEY GENERAL

Honorable Bert Ford, Administrator,
Texas Liquor Control Board
Austin, Texas

Dear Mr. Ford:                    Opinion No. O-6377

                                  Re: Whether or not minor children,
                                  acting through the guardian of thei
                                  estate, may receive a package-store
                                  permit, under the Liquor Control
                                  Board Act?

        Your request for an opinion upon the above subject m
ter is as follows:

        "Leon Kaufman of San Antonio, Texas, is adminis-
trator for the estate of his deceased wife and he is
guardian for his two minor children who are children
of his deceased wife. The two minor children inherited
an interest in a package store belonging to the said
Leon Kaufman and his deceased wife. Mr. Kaufman, as
I understand it, now desires to close the administra-
tion on the estate of his deceased wife and secure a
Package Store Permit from the Texas Liquor Control
Board in his own name individually and in his name as
guardian of the estates of the two minor children.

        "Article 4174 of Vernon's Civil Statutes, with
reference to continuation of business under the Chap-
ter covering guardian and ward, reads as follows:

        "'If there be a farm, plantation, manu-
factory or business belonging to the estate,
and if the same be not required to be at once
sold for the payment of debts, the guardian
of such estate, upon order of the court,
shall carry on such farm, plantation, manu-
factory or business, or rent the same, as
shall appear for the best interest of the

into consideration the condition of the
estate, and the necessity that may exist
for the future sale of such property for
the payment of debts, or the education
and maintenance of the ward, and shall
not extend the time of renting such prop-
erty beyond what may be consistent with
the interests of the estate and of the
ward.' (Acts 1876, p. 182, G. L. Vol. 8,
p. 1018.)

"The first paragraph of Section 11, Page 9, of
the printed Act reads as follows:

"'The Board or Administrator shall re-
fuse to issue a permit to any applicant
either with or without a hearing if it has
reasonable grounds to believe and finds any
of the following to be true:'

"Section 11(5), beginning at the bottom of Page
9, of the printed Liquor Control Board Act, reads as
follows:

"'That the applicant is not of good moral
character, that his reputation for being a
peaceable, law-abiding citizen in the commun-
ity where he resides is bad, or that he is un-
der twenty-one (21) years of age.'

"Your valued opinion is requested as to whether
or not Mr. Kaufman's two minor children, with Mr.
Kaufman for their guardian, would be prohibited, under
the last quoted section of the Act, because of their
minority from having a Package Store Permit, provided
that Mr. Kaufman is otherwise individually qualified."

It is the opinion of this department that Section
11(5) of the Liquor Control Board Act, as quoted by you, pre-
cludes the issuance of a permit, such as you mention. Mr.
Kaufman in seeking a permit, as guardian of the estate of his
minor children, would be acting in his fiduciary capacity and
not for himself individually. It would in essence be the
granting of a permit to the minors, therefore, in the name
of their guardian. The statute specifically forbids the is-
suance of a permit to one under twenty-one years of age direct-

Honorable Bert Ford - page 3

ly, and certainly it does not contemplate the issuance of such permit to a minor indirectly. It is forbidden by necessary implication.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By             Ocie Speer
                Assistant

OS-MR

